IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Donald Jay Rose, ) | Case No.: 1:25-cv-02565-JD-SVH |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| State of Florida, ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Shiva V. Hodges (DE 5), issued under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina. The Report concerns Petitioner Donald Jay Rose's ("Petitioner" or "Rose") habeas petition pursuant to 28 U.S.C. § 2254. (DE 1.)[1]

**A. Background**

The Report accurately outlines the relevant facts and legal standards, which the Court incorporates herein by reference. A brief summary is provided for context.

Petitioner Donald Jay Rose, proceeding *pro se*, filed the present habeas petition using a 28 U.S.C. § 2255 form. The Clerk of Court properly construed the filing as a petition under 28 U.S.C. § 2254, given that Petitioner is not in federal custody. (DE 1; DE 5 at 1 n.1.) At the time of filing, Petitioner was a pretrial detainee held in the

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

Orangeburg County Detention Center in South Carolina on pending state charges. Nevertheless, the petition purports to challenge a 2022 conviction entered in Pinellas County, Florida, for which Petitioner received a 30-month sentence. (DE 5 at 2.)

The substance of the petition is largely incoherent, replete with nonsensical references, and fails to identify any discernible federal constitutional violation supporting habeas relief. (*See* DE 5 at 2–3.) Moreover, Petitioner has not directed the petition against the person having custody over him in relation to the Florida conviction, nor is he presently in custody as a result of that conviction. Instead, he is detained in South Carolina on separate charges.

### B. Report and Recommendation

On April 3, 2025, the Magistrate Judge issued a Report and Recommendation recommending summary dismissal pursuant to Rule 4 of the Rules Governing § 2254 Cases. (DE 5.) Petitioner subsequently filed a document construed as objections. (DE 10.)

### C. Legal Standard

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of

the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

### D. Petitioner's Objections

Although styled as objections to the Report, Petitioner's submissions at Docket Entry 10 do not directly respond to the Magistrate Judge's findings or assert any specific legal error. Rather, they reiterate the same incoherent and delusional assertions that permeate the original petition. These include references to personal victimization, cryptic claims of death or assassination attempts, and statements unrelated to any cognizable legal theory under federal habeas law. (*See* DE 10.)

The Court has conducted a *de novo* review of the record, including the petition and the Report, and finds no basis to depart from the Magistrate Judge's sound conclusions. As explained therein, Petitioner has failed to identify any ground upon which this Court may grant relief under 28 U.S.C. § 2254. He is not in custody pursuant to the Florida conviction he challenges, and he has not alleged facts that, if proven, would establish a violation of the Constitution or laws of the United States.

Accordingly, the Court concludes that Petitioner's objections must be overruled and the petition dismissed.

### E. Conclusion

Accordingly, after a careful and thorough review of the Report and Recommendation and the entire record in this matter, the Court adopts the Report (DE 5) in its entirety and incorporates it herein by reference.

Accordingly, it is ORDERED that the Petition for Writ of Habeas Corpus (DE 1) is DISMISSED without prejudice and without requiring Respondent to file a return. The Clerk is directed to enter judgment accordingly. Further, it is **ORDERED** that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
June 23, 2025

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.